UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS, CENTRAL DIVISION

NACHO DADDY, LLC
a Nevada limited liability company,

    Plaintiff

v.

Chris Edwards,
d/b/a NACHO DADDY'S BBQ,

    Defendant

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 14 2023

TAMMY H. DOWNS, CLERK
By: _____
                DEP CLERK

Case No. 4:23CV1185-KGB

## COMPLAINT AND JURY DEMAND

Plaintiff Nacho Daddy, LLC, complains against Defendant, a business operating under the name Nacho Daddy's BBQ, seeks injunctive relief and disgorgement of profits for trademark infringement and unfair competition under the Lanham Act and related state laws, and alleges as follows:

### PARTIES

1.  Nacho Daddy, LLC is a Nevada limited liability company with its principal place of business at 8345 W Sunset Rd Suite 320, Las Vegas, Nevada 89113.

2.  After a reasonable search, Nacho Daddy was unable to find any corporate records related to a business named Nacho Daddy's BBQ. On information and belief, Nacho Daddy's BBQ is an Arkansas business owned and operated by Chris Edwards. Upon information and belief, Nacho Daddy's BBQ is located at 1850 US-64, El Paso, Arkansas 72045.

### JURISDICTION AND VENUE

3.  This action arises under §§ 1114 and 1125(a) of the Lanham Act, 15 U.S.C. §§ 1501 *et seq.*, and related Arkansas state law.

This case assigned to District Judge Baker
and to Magistrate Judge Moore

1

4. The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

5. The Court has personal jurisdiction over Defendant because it is located and transacts business within the state of Arkansas.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant may be found in this District, and Defendant's infringing conduct giving rise to this action is occurring within this District.

## GENERAL ALLEGATIONS

### Plaintiff's NACHO DADDY Restaurants and Trademark

7. Since at least as early as 2010, Plaintiff has offered fresh food, award-winning drinks, and excellent service to hungry customers at its NACHODADDY-branded locations.

8. Plaintiff uses its NACHODADDY trademark in connection with several restaurants nationwide, including in Nevada, Georgia, and Utah.

9. In addition to its brick-and-mortar restaurants, Plaintiff operates food trucks to reach additional customers and assist in community events, and develops and sells merchandise such as t-shirts, all under its NACHODADDY brand.

10. Plaintiff is uniquely positioned in the American restaurant industry because of its famous Las Vegas locations. As the most popular tourist destination in the United States, Las Vegas each year hosts thousands of trade shows and conventions, and millions of visitors from across the United States and the world (including from Arkansas), who travel to and stay in Las Vegas for its attractions, events, and restaurants. Due to Las Vegas' unique popularity, consumers from across the United States including Arkansas are likely to see if not dine in Plaintiff's NACHODADDY restaurant when visiting Las Vegas.

11. Nacho Daddy has invested heavily in its business and its NACHODADDY Mark, and as a result, has achieved substantial commercial success.

12. To advertise and promote its goods and services nationwide, Plaintiff uses its NACHODADDY Mark on its website at <www.nachodaddy.com> and on its social media accounts including on Facebook, X (formerly Twitter), Instagram, and Yelp.

13. In recognition of Plaintiff's rights and goodwill in the NACHODADDY trademark, the United States Patent and Trademark Office has granted Plaintiff U.S. Trademark Registrations No. 3,978,521 and 4,139,665 (both incontestable). Copies of the registration certificates for the NACHODADDY marks are attached as **Exhibits A and B**. Plaintiff collectively refers to its common law and registered rights in NACHODADDY as its "NACHODADDY Mark."

14. As a result of substantial sales and extensive advertising and promotion, the NACHODADDY Mark has become well known as identifying Plaintiff's goods and services, including its restaurant and food truck services.

**Defendant's Infringing Trademark**

15. On information and belief, Defendant owns and operates a food truck called NACHO DADDY'S BBQ ("Defendant's Mark"). On information and belief, Defendant also sells branded food products under Defendant's Mark, including barbeque sauces and rubs. Collectively, Plaintiff refers to Defendant's food truck services and branded food product sales offered under Defendant's Mark as "Defendant's Goods and Services."

16. Defendant's Mark is confusingly similar to Plaintiff's NACHODADDY mark and incorporates Plaintiff's NACHODADDY Mark in its entirety. The addition of the possessive form and the descriptive term "BBQ" is not sufficient to distinguish the appearance, sound, meaning, or commercial impression of NACHO DADDY'S BBQ from NACHODADDY.

17. Moreover, Defendant advertises Defendant's Goods and Services nationwide through various social media accounts, all of which incorporate Plaintiff's NACHODADDY Mark in its entirety, including:

- A Facebook account, https://www.facebook.com/nachodaddysbbq
- An Instagram account, https://www.instagram.com/nachodaddysb.b.q
- An X (formerly Twitter) account, https://twitter.com/Nachodaddysbbq

18. A comparison of Plaintiff's NACHODADDY mark and Defendant's infringing Mark, as used in commerce, show that both are comprised mostly of a distinctive maroon and yellow color scheme. Below, Plaintiff's mark is on the left, and Defendant's mark is on the right:

 

19. By letter dated June 6, 2023, Plaintiff put Defendant on notice of Plaintiff's senior trademark rights in its NACHODADDY Mark, and the likelihood of confusion that Defendant's unauthorized use of NACHO DADDY'S BBQ creates in the market. Consumers are likely to believe that Defendant's NACHO DADDY'S BBQ food truck and food products are owned, licensed, or affiliated with Plaintiff, or vice versa.

20. Despite Plaintiff's attempt to resolve this matter without litigation, Defendant has steadfastly refused to discontinue use of the infringing NACHO DADDY'S BBQ trademark.

4

21. On information and belief, as of the date of the filing of this Complaint, Defendant continues to offer Defendant's Goods and Services and operate its social media accounts under the infringing NACHO DADDY'S BBQ mark.

22. On information and belief, Defendant's acts are and were knowingly, deliberately, and intentionally carried out in bad faith, or with a reckless disregard for, or with willful blindness to, Plaintiff's rights, for the purpose of causing confusion and/or trading on Plaintiff's NACHODADDY Mark, reputation, and goodwill.

23. On information and belief, Defendant has profited and continues to profit from its unlawful acts.

24. The intentional nature of Defendant's unlawful acts renders this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

25. Defendant's actions have caused, and continue to cause, irreparable harm to Plaintiff.

## COUNT I

### (Trademark Infringement Under 15 U.S.C. § 1114(1))

26. Plaintiff incorporates the allegations contained in each of the paragraphs above by reference, as though fully set forth herein.

27. This is a claim for infringement of Plaintiff's incontestable NACHODADDY mark, as depicted in the certificates of registration attached as **Exhibits A and B**.

28. Plaintiff enjoys priority in its NACHODADDY Mark by virtue of its prior use of and/or registrations for its NACHODADDY Mark.

29. Defendant's Goods and Services are identical to Plaintiff's restaurant and food truck services and food product sales.

30. Defendant's Mark so closely resembles Plaintiff's prior used and/or registered NACHODADDY Mark as to be likely, when used in connection with Defendant's Goods and Services, to cause confusion, mistake, or deception as to the source or origin of its restaurant services, or the affiliation, sponsorship, or other relationship between the parties in violation of 15 U.S.C. § 1114(1).

31. By reason of Defendant's acts as alleged above, Plaintiff has suffered and will continue to suffer damage and irreparable harm to the value and goodwill of the NACHODADDY mark, as well as irreparable harm to Plaintiff's business, goodwill, and reputation. Plaintiff has no adequate remedy at law because damage to its goodwill and reputation are continuing and difficult to ascertain.

32. Defendant's continued use of the infringing NACHO DADDY'S BBQ mark is deliberate, willful, and fraudulent, and constitutes a knowing infringement of the NACHODADDY mark.

33. Defendant's continued conduct is knowing, deliberate, and/or willful, thereby entitling Plaintiff to disgorgement of Defendant's profits, and attorneys' fees and costs incurred in this action, along with prejudgment interest.

## COUNT II

### (Violation of 15 U.S.C. § 1125(a))

34. Plaintiff incorporates the allegations contained in each of the paragraphs above by reference, as though fully set forth herein.

35. This is a claim arising from Defendant's unlawful acts, including, without limitation, use of a false designation of origin which is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's Goods and Services, or the affiliation, sponsorship, or other relationship between the parties in violation of 15 U.S.C. § 1125(a).

36. Plaintiff enjoys priority in its NACHODADDY Mark by virtue of its prior use of and/or registrations for its NACHODADDY Mark. Plaintiff's NACHODADDY Mark is inherently distinctive, or has acquired distinctiveness, as an indicator of source.

37. Defendant's Goods and Services are identical to Plaintiff's restaurant and food truck services and food product sales.

38. Defendant's use of NACHO DADDY'S BBQ in connection with Defendant's Goods and Services constitutes infringement of Plaintiff's rights because Defendant has willfully and deliberately used in commerce words, terms, names, and/or false designations of origin that have caused, and are causing, confusion and mistake as to the origin, sponsorship, or approval by Plaintiff of goods advertised, marketed, and sold by Defendant.

39. By reason of Defendant's acts as alleged above, Plaintiff has suffered and will continue to suffer damage and irreparable harm to the value and goodwill of the NACHODADDY Mark, as well as irreparable harm to Plaintiff's business, goodwill, and reputation. Plaintiff has no adequate remedy at law because damage to its goodwill and reputation are continuing and difficult to ascertain.

40. Defendant's continued use of the infringing NACHO DADDY'S BBQ mark is deliberate, willful, and fraudulent, and constitutes a knowing infringement of the NACHODADDY Mark.

## COUNT III

**(Trademark Infringement under Arkansas Common Law)**

41. Plaintiff incorporates the allegations contained in each of the paragraphs above by reference, as though fully set forth herein.

42. This is a claim for infringement of Plaintiff's NACHODADDY mark.

43. Plaintiff enjoys priority in its NACHODADDY Mark by virtue of its prior use of and/or registrations for its NACHODADDY Mark.

44. Defendant's Goods and Services are identical to Plaintiff's restaurant and food truck services and food goods.

45. Defendant's Mark so closely resembles Plaintiff's prior used and/or registered NACHODADDY Mark as to be likely, when used in connection with Defendant's Goods and Services, to cause confusion, mistake, or deception as to the source or origin of its restaurant services, or the affiliation, sponsorship, or other relationship between the parties in violation of Arkansas common law.

46. By reason of Defendant's acts as alleged above, Plaintiff has suffered and will continue to suffer damage and irreparable harm to the value and goodwill of the NACHODADDY mark, as well as irreparable harm to Plaintiff's business, goodwill, and reputation. Plaintiff has no adequate remedy at law because damage to its goodwill and reputation are continuing and difficult to ascertain.

47. Defendant's continued use of the infringing NACHO DADDY'S BBQ mark is deliberate, willful, and fraudulent, and constitutes a knowing infringement of Plaintiff's NACHODADDY mark.

## COUNT IV
### (Unfair Competition under Arkansas Common Law)

48. Plaintiff incorporates the allegations contained in each of the paragraphs above by reference, as though fully set forth herein.

49. This is a claim for unfair competition arising out of Defendant's use of Defendant's Mark.

50. Plaintiff enjoys priority in its NACHODADDY Mark by virtue of its prior use of and/or registrations for its NACHODADDY Mark.

51. Defendant's Goods and Services are identical to Plaintiff's restaurant and food truck services and food goods.

52. Defendant's Mark so closely resembles Plaintiff's prior used and/or registered NACHODADDY Mark as to be likely, when used in connection with Defendant's Goods and Services, to cause confusion, mistake, or deception as to the source or origin of its restaurant services, or the affiliation, sponsorship, or other relationship between the parties.

53. On information and belief, Defendant has acted with the intent to deceive the public, for the purpose of misappropriating and trading off of Plaintiff's valuable goodwill and proprietary interest in the NACHODADDY Mark, which constitutes unfair competition under the common law of the State of Arkansas.

54. By reason of Defendant's acts as alleged above, Plaintiff has suffered and will continue to suffer damage and irreparable harm to the value and goodwill of the NACHODADDY Mark, as well as irreparable harm to Plaintiff's business, goodwill, and reputation. Plaintiff has no adequate remedy at law because damage to its goodwill and reputation are continuing and difficult to ascertain.

## COUNT V

### (Deceptive Trade Practice under Ark. Code Ann. § 4-88-101 *et seq.*)

55. Plaintiff incorporates the allegations contained in each of the paragraphs above by reference, as though fully set forth herein.

56. Plaintiff enjoys priority in its NACHODADDY Mark by virtue of its prior use of and/or registrations for its NACHODADDY Mark.

57. Defendant's Goods and Services are identical to Plaintiff's restaurant and food truck services and food goods.

58. Defendant's Mark closely resembles Plaintiff's prior used and/or registered NACHODADDY Mark.

59. Defendant has made false or misleading representation of fact as to the origin of its goods and services, which is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's Goods and Services, or the affiliation, sponsorship, or other relationship between the parties in violation of Arkansas law. In making these false and misleading representations, Defendant has disparaged the goods, services, or business of Plaintiff.

60. By reason of Defendant's acts as alleged above, Plaintiff has suffered and will continue to suffer damage and irreparable harm to the value and goodwill of the NACHODADDY Mark, as well as irreparable harm to Plaintiff's business, goodwill, and reputation. Plaintiff has no adequate remedy at law because damage to its goodwill and reputation are continuing and difficult to ascertain.

61. Defendant's continued use of the infringing NACHO DADDY'S BBQ mark is deliberate, willful, and fraudulent, and constitutes a knowing infringement of the NACHODADDY Mark.

62. Plaintiff has suffered damage or injury as a result of Defendant's conduct, and is entitled to reasonable attorney's fees under Arkansas Code Ann. § 4-88-101 et seq.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Nacho Daddy, LLC requests that the Court enter Judgment in its favor as follows:

1. Granting temporary, preliminary, and permanent injunctive relief enjoining Defendant and each of its affiliates, subsidiaries, officers, directors, agents, servants, and employees, and all others aiding, abetting, or acting in concert therewith, from:

   A. using the mark NACHODADDY, or any other mark confusingly similar thereto, in connection with the promotion of Defendant's food truck business and any related goods and services;

   B. otherwise competing unfairly or committing any acts likely to confuse the public into believing that Defendant or Defendant's food truck or related goods and services are associated with, affiliated with, or sponsored by Plaintiff, or are authorized by Plaintiff, in whole or in part, in any way; and

2. Awarding to Plaintiff the costs of this action and its reasonable attorneys' fees and expenses.

Dated: December 14, 2023                    Respectfully submitted,

                                            /s/ J. Randy Roeser
                                            J. Randy Roeser
                                            Arkansas Bar No. 2016084
                                            HOLLAND & HART LLP
                                            1800 Broadway, Suite 300
                                            Boulder, Colorado 80302
                                            T: 303.473.2700
                                            F: 303.473.2720
                                            jrroeser@hollandhart.com

                                            *Attorneys for Plaintiff*

30773824_v4

12

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office

# NachoDaddy

**Reg. No. 3,978,521**  
**Registered June 14, 2011**  
**Int. Cl.: 43**

**SERVICE MARK**

**PRINCIPAL REGISTER**

NACHO DADDY, LLC (UNITED STATES LIMITED LIABILITY COMPANY)  
10620 SOUTHERN HIGHWAY PARKWAY, #509  
LAS VEGAS, NV 89141

FOR: RESTAURANT AND BAR SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 4-20-2011; IN COMMERCE 4-20-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-564,581, FILED 9-8-2008.

MARK RADEMACHER, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

# EXHIBIT B

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,139,665**
**Registered May 8, 2012**
**Int. Cls.: 21, 25, 30, and 43**

**TRADEMARK**
**SERVICE MARK**
**PRINCIPAL REGISTER**

NACHO DADDY, LLC (NEVADA LIMITED LIABILITY COMPANY)
10620 SOUTHERN HIGHWAY PARKWAY, #509
LAS VEGAS, NV 89141

FOR: CUPS AND MUGS; DRINKING GLASSES; INSULATING SLEEVE HOLDERS FOR BEVERAGE CANS; SHOT GLASSES, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 4-30-2011; IN COMMERCE 4-30-2011.

FOR: BASEBALL CAPS AND HATS; SHORT-SLEEVED OR LONG-SLEEVED T-SHIRTS; SWEAT SUITS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 4-30-2011; IN COMMERCE 4-30-2011.

FOR: SALSA, TORTILLA CHIPS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 4-30-2011; IN COMMERCE 4-30-2011.

FOR: BAR AND RESTAURANT SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 4-30-2011; IN COMMERCE 4-30-2011.

THE MARK CONSISTS OF THE OVERLAPPING WORDS "NACHODADDY" IN STYLIZED LETTERS.

SN 85-062,491, FILED 6-14-2010.

ANNE FARRELL, EXAMINING ATTORNEY

*David J. Kappos*
Director of the United States Patent and Trademark Office

| REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION |
|---|
| **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.** |

**Requirements in the First Ten Years***
**What and When to File:**

> ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.
>
> ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

| The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements. |
|---|

*****ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.